UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LANCE & DON LANCE,<br><br>Plaintiffs,<br><br>v.<br><br>COMMERCE TRUST COMPANY, et al.,<br><br>Defendants. | No. 2:15-cv-0341-GEB-KJN PS<br><br><br><br>ORDER |

INTRODUCTION

Plaintiffs Anna Lance and Don Lance, who proceed without counsel, initially commenced this action against defendants The Commerce Trust Company and Christopher Blair in the El Dorado County Superior Court.[1] On February 10, 2015, defendants removed the action to this court, invoking the court's diversity of citizenship jurisdiction.[2] (ECF No. 2.)

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Plaintiffs appear to be residents of South Lake Tahoe, California. Defendant The Commerce Trust Company is a division of Commerce Bank, which is incorporated under the laws of Missouri with its principal place of business in Missouri. Defendant Christopher Blair is a citizen of Kansas. Furthermore, plaintiffs' complaint seeks compensatory and punitive damages in the amount of $373,286.00. No motion to remand was filed. As such, based on the present record before the court, it appears that the requirements of diversity of citizenship jurisdiction are satisfied. See 28 U.S.C. § 1332(a).

1

Subsequently, on February 17, 2015, defendants filed the instant motion to dismiss. (ECF No. 5.) On March 6, 2015, plaintiffs filed an opposition to the motion, and on March 19, 2015, defendants filed a reply brief. (ECF Nos. 11, 12.) The motion was then submitted without oral argument on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 13.)

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court grants defendants' motion to dismiss, but with leave to amend.

BACKGROUND

Plaintiffs' original complaint consists of multiple California Judicial Council forms along with various attachments, including letters, reports, maps, graphs, and charts. (See ECF No. 2 at 7-93.) Although vague and somewhat confusing, plaintiffs' complaint, when liberally construed by reference to the various attachments, appears to allege that plaintiffs first received notice of problems with the well water on their property located at 2111 Dunlap Drive in South Lake Tahoe, California, from plaintiffs' tenants in 1999. The California Regional Water Quality Control Board ("CRWQCB") for the Lahontan Region then determined that plaintiffs' well was contaminated with the chemical tetrachloroethylene ("PCE") and was required to be capped off. Consequently, plaintiffs were forced to obtain an alternative source of water for the property, perform re-vegetation on the property, and hire an environmental company to make sure that the ground was not contaminated, all at plaintiffs' own expense. Plaintiffs assert that they lost their rental income and were not able to use the property until all environmental issues were resolved.

The complaint asserts five "general negligence" tort causes of action against defendants: (1) "environmental law"; (2) "common law" or "nuisance"; (3) "trespass law"; (4) "strict liability law"; and (5) "water pollution law." Plaintiffs seek, *inter alia*, compensatory and punitive damages in the amount of $373,286.00 from defendants.

The causes of action themselves contain little in the form of factual allegations, and do not plead any alleged facts regarding defendants' involvement with the PCE contamination of plaintiffs' well. However, attached to the complaint is a September 16, 2014 handwritten letter to plaintiffs from Lisa Dernbach, a geologist with the CRWQCB for the Lahontan Region, which indicates that a dry cleaning machine from a now-closed dry cleaning business, Lake Tahoe

Laundry Works (previously located at 1024 Lake Tahoe Boulevard in the South Y Shopping Center) had purportedly released PCE into the groundwater in the late 1970s.  (See ECF No. 2 at 21-22.)  In that letter, Ms. Dernbach states that she believes that it is that same PCE that was detected in plaintiffs' domestic well.  (Id.)  She also purports to name the current and former owners of the shopping center, indicating that the current owner is "The Commerce Trust Company, Attn: Christopher Blair, 118 West 47th St., Kansas City, MO 64112."  (Id.)

DISCUSSION

Defendants move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants also move to dismiss defendant Blair from the action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

<u>Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)</u>

*Legal Standard*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  The court must construe a *pro se* pleading liberally to

determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

*Analysis*

As an initial matter, several of the causes of action pled by plaintiffs are not cognizable claims, but actually represent large, amorphous bodies of law. For example, there is no cognizable claim for "environmental law"; "common law"; or "water pollution law." These general terms do not provide defendants or the court with adequate notice of the legal theories under which plaintiffs are purportedly proceeding.

By contrast, claims for negligence, trespass, nuisance, and strict liability based on an ultrahazardous activity are at least potentially cognizable claims. However, the primary problem with plaintiffs' complaint, even with respect to such potentially cognizable claims, is that plaintiffs fail to provide sufficient factual allegations from which the court can draw a reasonable inference that defendants are liable for the misconduct alleged. Plaintiffs allege that their well was contaminated with PCE, resulting in various forms of damages, but do not provide any factual allegations reasonably suggesting that *defendants* caused such contamination.

To be sure, the documents attached to plaintiffs' complaint, including the letter by Ms. Dernbach, indicate that the PCE found in plaintiffs' well may be traceable to the site of the former Lake Tahoe Laundry Works in the South Y Shopping Center, and that defendant The

*/////*

4

Commerce Trust Company is the present owner of that shopping center.[3] Nevertheless, even assuming that Ms. Dernbach's stated belief regarding the origins of the PCE contamination is sufficiently non-speculative, one of the reports attached to plaintiffs' complaint also states that "[t]he discharge history is believed to be from use of a former self-service, dry cleaning machine, located on the property between approximately 1971 and 1979.  Machine was removed from site many years ago."  (ECF No. 2 at 17.)  That report is generally consistent with Ms. Dernbach's letter, which indicates that PCE was discharged from the Lake Tahoe Laundry Works dry cleaning machine in the late 1970s.  (Id. at 21.)  Despite the foregoing, plaintiffs provide no non-conclusory, factual allegations suggesting that defendants, as the alleged present owners of the shopping center, owned the shopping center or Lake Tahoe Laundry Works in the 1970s prior to the offending machine's removal, or that defendants somehow otherwise caused the PCE discharge, or that as the alleged current owners they are somehow legally responsible for past alleged acts.  As such, plaintiffs fail to offer any factual allegations showing that defendants themselves were negligent, caused a trespass onto plaintiffs' property, caused a form of nuisance, or engaged in some ultrahazardous activity on which potential strict liability could be premised.

In addition to the above-mentioned substantive defects, plaintiffs' complaint also does not provide a short and plain statement of plaintiffs' claims in accordance with Federal Rule of Civil Procedure 8(a)(2).[4]  Plaintiffs' complaint is approximately 86 pages long, and consists of multiple California Judicial Council forms[5] along with various attachments, including letters, reports, maps, graphs, and charts.

---

[3] Defendant The Commerce Trust Company disputes that it is actually the current owner of that property.  However, the court cannot resolve such a factual dispute on a motion to dismiss, and must accept the plaintiffs' allegation in that regard as true for purposes of resolving the motion to dismiss.

[4] Because plaintiffs' original complaint was filed in state court, the court does not fault plaintiffs for its failure to comply with federal procedural rules.  However, going forward, all of plaintiffs' pleadings and motions must comply with the Federal Rules of Civil Procedure and this court's Local Rules.

[5] California Judicial Council forms are for use in state court, and should not be used in plaintiffs' future pleadings and other filings in federal court.

Federal Rule of Civil Procedure 8 requires, in part, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, the federal rules contemplate brevity. See Fed. R. Civ. P. 84. Claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.") In turn, Federal Rule of Civil Procedure 10(b) requires the use of numbered paragraphs in a complaint. Pursuant to Rule 10(b), each claim should also be set forth in a separate count (i.e., a different section) of the complaint, with factual allegations pertaining to each particular claim set forth in the section of the complaint dealing with the particular claim. In that regard, the use of subheadings for each claim can be helpful in organizing the complaint.

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, letters, charts, notes, e-mails, and the like. McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (affirming dismissal of complaint for violation of Rule 8 after warning). This requirement is because a complaint must only set forth the *alleged facts* in support of a plaintiff's claims and need not include any documentary evidence, which may be presented at a later point in the case.[6] Importantly, defendants and the court should be able to understand plaintiffs' claims and the facts in support of those claims from reading the main body of the complaint, and without having to review numerous exhibits to the complaint.

In light of the substantive and procedural deficiencies identified above, the court dismisses plaintiffs' original complaint, but with leave to amend. Plaintiffs, especially as pro se litigants, are entitled to notice of such deficiencies and an opportunity to cure them prior to dismissal. If plaintiffs elect to file an amended complaint, it shall address the deficiencies outlined above, as well as comply with the following specific requirements:

---

[6] For example, if an evidentiary document (such as a letter) contains an important fact, plaintiffs should attempt to include that fact in the allegations as part of the main body of the complaint, instead of attaching the document to the complaint as an exhibit.

    (a) The amended complaint shall be captioned "First Amended Complaint"

    (b) The first amended complaint shall use numbered paragraphs

    (c) If the first amended complaint asserts more than one claim, it shall set forth the various claims in separate counts of the complaint (e.g., Count I, Count II, etc.). Although the first amended complaint may include a general background facts section to orient the reader, plaintiffs shall also set forth the pertinent factual allegations regarding each particular claim in the count dealing with that particular claim.

    (d) The first amended complaint shall be limited to 25 pages, including any exhibits, with text utilizing a font size of 12 Times New Roman (or equivalent) and double spacing. Pages exceeding the 25-page limit will be summarily stricken and will not be considered part of the first amended complaint. California Judicial Council forms shall not be used.

Plaintiffs are informed that the court cannot refer to a prior complaint or filing in order to make plaintiffs' first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading or filing. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

Importantly, nothing in this order requires plaintiffs to file an amended complaint. If plaintiffs determine that they are unable to amend their complaint in compliance with the court's order or no longer wish to pursue the action at this time, plaintiffs may alternatively file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

If plaintiffs elect to proceed with this action in federal court, they are encouraged to familiarize themselves with the Federal Rules of Civil Procedure and this court's Local Rules.[7] Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, and liberally construes their pleadings, pro se litigants are expected to comply with all procedural rules and court orders.

---

[7] A copy of the court's Local Rules can be obtained from the Clerk of Court or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

1          Finally, although by no means required to do so, plaintiffs are strongly encouraged to find
2   an attorney to represent them, particularly given the typical complexity of environmental
3   contamination cases.  Even though the court grants plaintiffs 28 days to file any first amended
4   complaint, the court will be willing to consider a further, reasonable extension of time if plaintiffs
5   obtain counsel and counsel needs time to file a first amended complaint.  However, any such
6   extension should be requested prior to the expiration of the 28-day deadline to file a first amended
7   complaint.

                        Motion to Dismiss Defendant Blair Pursuant to Rule 12(b)(2)

9          In light of the court's dismissal of the entire complaint pursuant to Rule 12(b)(6) with
10  leave to amend, it is not necessary to consider at this juncture defendants' request to dismiss
11  defendant Blair for lack of personal jurisdiction pursuant to Rule 12(b)(2).  That request is denied
12  without prejudice as moot.

13         Nevertheless, if plaintiffs elect to name Mr. Blair as a defendant in any first amended
14  complaint, plaintiffs shall set forth factual allegations clarifying Mr. Blair's individual role in the
15  alleged PCE contamination, as well as the extent of his activities in California, so as to allow the
16  court to evaluate whether it may properly exercise personal jurisdiction over Mr. Blair.  See
17  Martinez v. Manheim Central California, 2011 WL 1466684, at *1 (E.D. Cal. Apr. 18, 2011)
18  (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) ("A non-resident defendant may
19  be subject to the personal jurisdiction of the court where the defendant has either a continuous
20  and systematic presence in the state (general jurisdiction), or minimum contacts with the forum
21  state such that the exercise of jurisdiction does not offend traditional notions of fair play and
22  substantial justice (specific jurisdiction)."); Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &
23  Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003) (noting that a plaintiff generally bears the
24  burden of establishing the district court's personal jurisdiction over the defendant).

25  CONCLUSION
26         Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:
27         1.      Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure
28                 12(b)(6) (ECF No. 5) is granted.

2. Plaintiffs' complaint is dismissed, but with leave to amend.

3. Within 28 days of this order, plaintiffs shall file either (i) a first amended complaint in compliance with this order or (ii) a notice of voluntary dismissal of the action without prejudice.

4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. Defendants shall file a response to any first amended complaint within 28 days of its filing.

6. The request to dismiss defendant Blair pursuant to Federal Rule of Civil Procedure 12(b)(2) is denied without prejudice as moot.

IT IS SO ORDERED.

Dated: April 3, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE