UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA LANCE & DON LANCE, | No. 2:15-cv-0341-GEB-KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| COMMERCE TRUST COMPANY, et al., | |
| Defendants. | |

On May 7, 2015, the court issued an order and order to show cause requiring plaintiffs, within 21 days, to (a) pay to the Clerk of Court $150.00 in monetary sanctions, (b) show cause in writing why the action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiffs' failure to comply with a court order and failure to prosecute their case, and (c) file a first amended complaint that complies with the court's April 3, 2015 order. (ECF No. 15.) However, that order also noted that "if plaintiffs conclude that they no longer wish to pursue the action in federal court at this time, they may instead file a notice of voluntary dismissal of the action without prejudice in lieu of paying the sanctions, responding to the order to show cause, and filing a first amended complaint, as outlined above." (Id.)

Thereafter, on May 8, 2015, plaintiffs filed what was captioned as a "First Amended Complaint." (ECF No. 16.) However, that filing does not comply with the requirements outlined

1

in the court's April 3, 2015 order granting leave to file a first amended complaint. Indeed, it appears that the May 8, 2015 filing is not an amended complaint at all, but instead a request for an extension of time to seek an environmental attorney. (Id.)

Furthermore, on May 21, 2015, the court received a check in the amount of $300.00 from plaintiffs. (ECF No. 17.) It appears that plaintiffs incorrectly understood the court to have imposed sanctions of $150.00 on each plaintiff, for a total of $300.00, as opposed to a total of $150.00 for both plaintiffs, as the court intended. Because plaintiffs' $300.00 check amounts to an overpayment, the court directed the Clerk of Court to return that check to plaintiffs. (Id.)

Finally, on May 21, 2015, plaintiffs filed a request for dismissal of the action without prejudice, indicating that they need additional time to obtain an environmental lawyer and that plaintiff Anna Lance currently suffers from a painful bout of shingles. (ECF No. 18.)

Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." "Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1). The dismissal is effective on filing and no court order is required...Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants."[1] Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995); see also United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008) (noting that dismissal under Rule 41(a)(1)(A)(i) requires no action on the part of the court and divests the court of jurisdiction once the notice of voluntary dismissal is filed).

Because defendants have not yet served an answer or motion for summary judgment in this case, plaintiffs' request for dismissal is effective without a court order. In light of that

---

[1] Although dismissal is without prejudice, the court makes no determination regarding the potential effect of any statute of limitations that may continue to run regarding plaintiffs' claims.

2

dismissal, the court also finds it unnecessary to require plaintiffs to pay any further sanctions or comply with the other terms of the May 7, 2015 order.

Accordingly, IT IS HEREBY ORDERED that:

1. In light of the request for dismissal (ECF No. 18), this action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
2. All scheduled dates and deadlines in this action are vacated.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: May 26, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE